IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| **MARVIN WILLIAMS, JR., #525530,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | NO. 1:24-cv-00042 |
| | ) | |
| **CORECIVIC OF AMERICA, et al.,** | ) | JUDGE CAMPBELL |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION AND ORDER

Marvin Williams, a state inmate confined at the South Central Correctional Facility (SCCF), has filed a pro se civil rights Complaint under 42 U.S.C. § 1983 (Doc. No. 1), an application for leave to proceed in forma pauperis (IFP) (Doc. No. 2), and a supplement to the Complaint. (Doc. No. 6.)

The case is before the Court for ruling on Plaintiff's IFP application and for initial review under the Prison Litigation Reform Act (PLRA).

### I. APPLICATION TO PROCEED IFP

A prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee. 28 U.S.C. § 1915(a). Plaintiff's IFP application establishes that he lacks the funds to prepay the filing fee. Accordingly, the IFP application (Doc. No. 2) is **GRANTED** and a $350 filing fee is **ASSESSED**. The fee will be collected in installments as described below.

The warden of the facility in which Plaintiff is currently housed, as custodian of his trust account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to Plaintiff's credit at the jail; or (b) 20% of the average monthly balance to Plaintiff's credit for the six-month period immediately preceding the filing of

the Complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of Plaintiff's preceding monthly income (or income credited to Plaintiff for the preceding month), but only when the balance in his account exceeds $10. *Id.* § 1915(b)(2). Payments shall continue until the $350 filing fee has been paid in full to the Clerk of Court. *Id.* § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this Order to the warden of the facility in which Plaintiff is currently housed to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian must ensure that a copy of this Order follows Plaintiff to his new place of confinement, for continued compliance with the Order. All payments made pursuant to this Order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

## II. INITIAL REVIEW

### A. Legal Standard

In cases filed by prisoners, the Court must conduct an initial screening and dismiss the Complaint (or any portion thereof) if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c). Review under the same criteria is also authorized under 28 U.S.C. § 1915(e)(2) when the prisoner proceeds IFP.

To determine whether the Complaint states a claim upon which relief may be granted, the Court reviews for whether it alleges sufficient facts "to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). At this stage, "the Court assumes the truth of 'well-pleaded factual allegations'

and 'reasonable inference[s]' therefrom," *Nat'l Rifle Ass'n of Am. v. Vullo*, 602 U.S. 175, 181 (2024) (quoting *Iqbal*, 556 U.S. at 678–79), but is "not required to accept legal conclusions or unwarranted factual inferences as true." *Inner City Contracting, LLC v. Charter Twp. of Northville, Michigan*, 87 F.4th 743, 749 (6th Cir. 2023) (citation omitted). The Court must also afford the pro se Complaint a liberal construction, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), while viewing it in the light most favorable to Plaintiff. *Inner City*, *supra*.

Plaintiff filed the Complaint under Section 1983, which authorizes a federal action against any person who, "under color of state law, deprives [another] person of rights, privileges, or immunities secured by the Constitution or conferred by federal statute." *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012) (citations omitted); 42 U.S.C. § 1983. The Complaint must therefore plausibly allege (1) a deprivation of a constitutional or other federal right, and (2) that the deprivation was caused by a "state actor." *Carl v. Muskegon Cnty.*, 763 F.3d 592, 595 (6th Cir. 2014).

**B. Facts**

The Complaint alleges that, around the hours of "16:00 and 17:00" on September 30, 2023, Plaintiff was handcuffed by Correctional Officer Downing to "the outside door handle through the side flap." (Doc. No. 1 at 4.) Downing then stood there and laughed, while Correctional Officer Gulledge gave an extra pair of cuffs to make the chain longer. (*Id.*) Plaintiff names both officers as defendants and claims that their treatment of him amounted to cruel and unusual punishment. (*Id.*) He also names as defendants CoreCivic of America and SCCF Warden Grady Perry. He states that "higher administration" only came to where he was chained to the outside door handle when he started to yell; that other officers tried to help; and that Officer Downing "intended to hurt [him]." (*Id.*) He asks for SCCF to be held accountable for allowing Downing "to facially target"

3

him, refers to "injuries [he] received during the altercation," and seeks an award of damages. (*Id.* at 5.) These allegations are repeated verbatim in Plaintiff's supplemental pleading, which is styled "Beyond Use of Excessive Force." (Doc. No. 6.)

## C. Analysis

The Eighth Amendment's Cruel and Unusual Punishments Clause prohibits the use of excessive force against convicted inmates. The "core judicial inquiry" in considering such a claim is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)). In addition to this subjective inquiry, there is also an objective component to Eighth Amendment excessive-force claims, which requires the pain inflicted to be sufficiently serious. *Cordell v. McKinney*, 759 F.3d 573, 580 (6th Cir. 2014) (quoting *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011)). However, the Court may not apply a "de minimis injury" test to such claims, as "the judicial inquiry should focus on 'the nature of the force rather than the extent of the injury.'" *Williams*, 631 F.3d at 384 (quoting *Wilkins*, 559 U.S. at 34).

Due to the limited factual allegations presented here, the Court cannot find the objective component of Plaintiff's Eighth Amendment claim met. It is not clear what he means when he states that he was chained to "the outside door handle through the side flap." (Doc. No. 1 at 4.) It is also not clear whether he was chained there for only one hour, or whether he endured a longer period of restraint that *began* at "approx. around hrs of 16:00 and 17:00." (*Id.*) Finally, the nature and extent of the alleged injuries he suffered "during the altercation" are not clear. (*Id.* at 5.) The allegations of the Complaint suggest that the restraint it describes was not applied "in a good-faith effort to maintain or restore discipline," *Wilkins*, 559 U.S. at 37, but additional, non-conclusory allegations of fact are required for the Court to determine whether an excessive-force claim is

plausibly stated.

Although the Complaint as currently constituted does not state any plausible claim, the Court in its discretion "can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA." *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). The Court will exercise that discretion in this case and allow Plaintiff an opportunity to amend in order to provide additional factual support for his excessive-force claim against Defendants Downing and Gulledge.

As to CoreCivic and Warden Perry, Plaintiff's pleadings do not support the liability of either Defendant. His allegations do not suggest that any policy in place at SCCF was behind the officers' use of force, as would be required to plausibly claim a right to relief against SCCF's corporate operator, CoreCivic, or against Warden Perry in his official capacity. *See Savoie v. Martin*, 673 F.3d 488, 494 (6th Cir. 2012); *see also Perry v. Tennessee*, No. 3:21-CV-00461, 2021 WL 4594783, at *4 (M.D. Tenn. Oct. 6, 2021) (finding official-capacity claim against warden of CoreCivic prison redundant of claim against CoreCivic). Nor is Warden Perry alleged to have overseen or otherwise been personally involved in the use of force described in Plaintiff's pleadings, such that Plaintiff could plausibly prevail against the Warden in his individual capacity. *See Herndon v. Heyns*, 702 F. App'x 325, 327 (6th Cir. 2017) (affirming judgment for warden after finding that the complaint failed to "allege any personal involvement" or "wrongdoing on [warden's] part"). Accordingly, CoreCivic and Warden Perry will be dismissed from this action.

### III. CONCLUSION

As explained above, although the Complaint is subject to dismissal for failure to state a claim on which relief may be granted, 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1), the Court will allow Plaintiff to file an Amended Complaint in response to this Order within **30 DAYS** of the

entry of the Order. The scope of the allowed amendment is limited to the provision of additional facts in support of the excessive force claim against Defendants Downing and Gulledge. Defendants CoreCivic of America and Warden Grady Perry are **DISMISSED** from this action.

The Clerk is **DIRECTED** to provide Plaintiff with a form for filing a civil rights complaint (Pro Se Form 14). Plaintiff is cautioned that failure to file an Amended Complaint using the provided form within 30 days (or to seek an extension of this deadline before it expires), or failure to keep the Court apprised of his current address, will result in the dismissal of this action.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE